IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAFEWAY, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LIBERTY MUTUAL INSURANCE CO. | : | NO. 08-460 |

MEMORANDUM

Bartle, C.J.                                                April 30, 2009

Plaintiff Safeway, Inc. ("Safeway") seeks a declaratory judgment that Liberty Mutual Insurance Co. ("Liberty Mutual") is obligated to indemnify Safeway as an insured under Liberty Mutual Commercial General Liability Policy No. TB2-131-503333-024 for the settlement it paid in the underlying action, captioned <u>Fagan v. Safeway, Inc.</u>, C.A. No. 06C-11-175 JOH (Del. Super. Ct.) as well as its cost of defense.  Liberty Mutual removed this pending case from the Superior Court of New Castle County, Delaware on July 25, 2008 based on diversity of citizenship.  Now before the court are the parties' cross motions for summary judgment.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "[T]he mere existence of <u>some</u> alleged factual dispute between the

parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-8 (1986) (emphasis in original). After reviewing the evidence, the court draws all reasonable inferences from the evidence in the light most favorable to the non-moving party. In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

I.

The following facts are undisputed. For several years, Valerio's Produce, Inc. ("Valerio's") supplied Safeway stores with fresh-cut fruits and vegetables as well as wholesale produce pursuant to an agreement between the two companies. On March 9, 2005, Frank Fagan, a Valerio's truck driver, slipped and fell on the loading dock of a Safeway store in Bear, Delaware while making a produce delivery. Subsequent to his fall, Fagan sued Safeway in the Superior Court of New Castle County, Delaware. Compl., Fagan, C.A. No. 06C-11-175 JOH. He alleged that "he slipped on water, ice and snow which was permitted to form on the dock plate." Id. Fagan claimed that as a result of the fall, he injured his back and underwent surgery to repair it. Id. Safeway and Fagan ultimately settled the lawsuit. As noted above, Safeway now seeks indemnity for the settlement and the costs of defense from Liberty Mutual.

Safeway contends that it had a vendor agreement with Valerio's, which required Valerio's to name Safeway as an additional insured on its commercial general liability policy

provided by Liberty Mutual. Diligent discovery by both parties has not produced a copy of any vendor agreement between Safeway and Valerio's. We agree with Safeway, however, that the existence of such an agreement is not dispositive. It is undisputed that Safeway was named as an additional insured under Liberty Mutual Commercial General Liability Policy No. TB2-131-503333-024 issued to Valerio's and that such coverage was in effect on the date of Fagan's fall.

According to the certificate of insurance, the Liberty Mutual policy issued to Valerio's limited coverage of Safeway to broad form vendors coverage only. Specifically, the additional insured clause covers: "any person or organization (referred to below as vendor) shown in the Schedule but only with respect to 'bodily injury' or 'property damage' arising out of 'your products' shown in the Schedule which are distributed or sold in the regular course of the vendor's business." The narrow issue in this case is whether Fagan's injuries "arose out of" Valerio's "products."

II.

As a preliminary matter, the parties disagree as to what state's law the court must apply. Safeway argues that Delaware law applies. Liberty Mutual maintains that the court should apply Pennsylvania law because Valerio's is a Pennsylvania organization and the address for Valerio's listed in the Liberty Mutual policy is a Pennsylvania address.

Under Klaxon Co. v. Stentor Electric Mfg. Co., the United States Supreme Court held that a federal court sitting in a diversity action must apply the conflict of laws rules of the state of the forum. 313 U.S. 487, 496 (1941). Thus, we must look to the conflict of laws rules of Delaware. "In contract cases, Delaware courts have moved away from the traditional rule that the law of the place of contract formation governs, in favor of the more modern and flexible 'most significant relationship' test of the Restatement (Second) of Conflict of Laws § 188 (1971)." Chesapeake Utilities Corp. v. American Home Assur. Co., 704 F. Supp. 551, 555 (D. Del. 1989) (collecting cases); see Wood v. Heberer, No. Civ. 01-223-SLR, 2004 WL 502176, *5 (D. Del. Mar. 4, 2004).

According to the Restatement, the contacts to be considered in a contract dispute to determine which state has the most significant relationship include:

> (a) the place of contracting,
> (b) the place of negotiation of the contract,
> (c) the place of performance,
> (d) the location of the subject matter of the contract, and
> (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflict of Laws § 188(2).[1]  Although Liberty Mutual is a Massachusetts corporation and Valerio's is a Pennsylvania company, Safeway is a Delaware corporation and Valerio's conducted regular business in Delaware.  As such, Liberty Mutual understood it was insuring risks in Delaware, particularly with respect to its vendor's coverage of Safeway.  Furthermore, the "place of performance" is clearly in this state since the incident giving rise to the insurance coverage took place at Safeway's store in the town of Bear.  Based on all the circumstances, Delaware has the most significant relationship to the case and its substantive law controls.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

### III.

In Pacific Insurance Co. v. Liberty Mutual Insurance Co., the Delaware Supreme Court had occasion to interpret the phrase "arising out of" in a Liberty Mutual insurance policy. 956 A.2d 1246 (Del. 2008). Pacific Insurance involved liability protection for Consolidated Rail Corporation ("Conrail")[2] related to a Conrail contractor's negligent road resurfacing and widening.  The Liberty Mutual Policy issued to the contractor, a company by the name of James Julian, Inc. ("Julian"), contained

---

1.  The Restatement (Second) of Conflict of Laws § 193 on insurance "yields an analysis identical to that produced under § 188 in insurance cases." Chesapeake Utilities Corp., 704 F. Supp. at 556.

2.  Pacific Insurance Company was the assignee of Conrail and appealed from the decision of the Delaware Superior Court.

an additional insured clause that covered "any person or organization for whom you have agreed in writing to provide Liability insurance, *but only with respect to liability arising out of your operations* or premises owned by or rented to you." Id. at 1251 (emphasis in original).

The court, quoting in footnote 42 from extensive case law in other jurisdictions, including the United States Courts of Appeals for the Fifth, Ninth, and Tenth Circuits, adopted a broad meaning of the phrase "arising out of." It includes "growing out of," "flowing from," "done in connection with," "incident to," and "broader than 'caused by.'" Id. at 1257 n.42. Importantly, the court stated that "arising out of" "requires some causal connection to the injuries suffered, but does not require proximate cause" and that "[m]ost other jurisdictions interpret the phrase 'arising out of' to encompass a meaning broader than mere proximate cause." Id.

In the instant matter, it is undisputed that Valerio's "product" with respect to the Liberty Mutual policy is produce. It is also undisputed that Fagan, a Valerio's employee, was delivering produce to a Safeway store when a patch of ice, water, or snow caused him to slip and fall on the Safeway loading dock. Although a proximate cause standard would probably necessitate a ruling in favor of Liberty Mutual since Fagan's injuries were not the direct result of Valerio's produce—for example eating a rotten tomato or slipping on a banana peel—the Delaware Supreme Court does not require such a direct causal connection. Fagan's

fall suffered while performing duties as a Valerio's employee is sufficient to establish that his injuries were sustained "in connection with" Valerio's products, which he was delivering at the time.  In the language of <u>Pacific Insurance</u>, there is a "meaningful linkage" between Valerio's products and Safeway's resulting liability.  956 A.2d at 1257.  Under the terms of its policy, Liberty Mutual must therefore provide indemnity to Safeway in connection with the underlying action in which Fagan sued Safeway.

      Accordingly, we will grant the motion of Safeway for summary judgment declaring that Liberty Mutual owes indemnity under Liberty Mutual Commercial General Liability Policy No. TB2-131-503333-024 to Safeway for its settlement paid in <u>Fagan v. Safeway, Inc.</u>, C.A. No. 06C-11-175 JOH (Del. Super. Ct.), as well as for its costs of defending that action.  We will deny the cross motion of Liberty Mutual for summary judgment against Safeway.